UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
WALTER NOEL IV, On Behalf of Himself and
Similarly Situated Individuals,

          *Plaintiffs*,

  -against-

LAIDLAW & COMPANY, LTD,

          *Defendant*.
-----------------------------------------------------------------------------X

16 CV 3975

**COLLECTIVE ACTION**
**COMPLAINT**

  Plaintiff Walter Noel IV, by his counsel, The Harman Firm, LLP, alleges for his complaint against Defendant Laidlaw & Company, LTD as follows:

## NATURE OF THE ACTION

  1. Plaintiff Walter Noel IV ("Plaintiff" or "Mr. Noel") alleges, on behalf of himself and other similarly situated current and former employees of Defendant Laidlaw & Company, LTD ("Defendant" or "Laidlaw") who elect to opt into this action pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") ("Collective Action Members") that Plaintiff and the Collective Action Members are entitled to (i) unpaid wages from Defendant for hours worked for which Defendant paid Plaintiff and Collective Action members less than the applicable minimum wage; (ii) unpaid wages from Defendant for overtime work for which Defendant did not pay Plaintiff and the Collective Action Members overtime premium pay; (iii) liquidated damages; and (iv) attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 201 – 219.

  2. Plaintiff additionally alleges that he is entitled to (i) unpaid wages from Defendant for hours worked for which Defendant paid Plaintiff and Collective Action members less than the applicable minimum wage; (ii) unpaid wages from Defendant for overtime work for which

1

Defendant did not pay Plaintiff overtime premium pay; (iii) liquidated damages; and (iv) attorneys' fees and costs pursuant to New York Labor Law ("NYLL") N.Y.Lab.Law §§ 1-1200.

3. Additionally, Plaintiff seeks damages from Defendant for terminating Plaintiff's employment due to Plaintiff's race (Black), violating the Civil Rights Act of 1866 ("§ 1981"), 42 U.S.C. § 1981, and New York City Human Rights Law ("NYCHRL"), N.Y. Admin.Code §§ 8-101 to 8-131.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiff's claims, as Defendant violated Plaintiff's rights under the FLSA and § 1981.

5. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's claims brought under NYLL and NYCHRL, as those claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York as a substantial part of the events giving rise to the claims occurred within this District.

## TRIAL BY JURY

7. Plaintiff respectfully requests a trial before a jury.

## PARTIES

8. At all times relevant hereto, Plaintiff Noel was and is an adult individual, residing in Hudson County in the State of New Jersey.

9. Upon information and belief, Defendant Laidlaw is a domestic corporation organized under the laws of the State of New York with its principal place of business at 546 Fifth Avenue, 5th Floor, New York, New York 10036.

## COVERAGE UNDER FLSA

10. At all times relevant here to, Plaintiff was Defendant's "employee" within the meaning of the FLSA, as described below.

11. At all times relevant hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA, as described below.

12. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

13. At all times relevant hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

14. Upon information and belief, Defendant's annual gross revenue was in excess of $500,000 per annum during the relevant time period.

15. At all times relevant hereto Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff and the Collective Action Members are all "Stock Broker Trainees" and performed the same or similar job duties as one another in that they provided sales and marketing services for Defendant.

17. Further, Plaintiff and the Collective Action Members were subjected to the same pay provision(s) in that they were paid a salary, but not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek. Thus, the Collective Action Members are owed minimum and overtime wages for the same reasons as Plaintiff.

18. Defendant's failure to compensate Plaintiff and Collective Action Members for hours worked in excess of forty (40) hours in a work week at the overtime premium rate as

required by the FLSA results from a policy or practice of erroneously misclassifying its Stock Broker Trainees as exempt from the overtime pay requirements of the FLSA.

19. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants as Stock Broker Trainees in the State of New York at any time since May 26, 2013, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid minimum wage and overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours per workweek.

20. This putative class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number would be based are presently within the sole control of Defendant, upon information and belief, Defendant employed dozens of potential Collective Action Members during the Collective Action Period, most of whom would not likely file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

21. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained attorneys that are experienced and competent in the fields of employment law and collective action litigation. Plaintiff has no interest that is contrary to or in conflict with those of the Collective Action Members.

22. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it impractical for the members of

the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

23.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all Collective Action Members.  Among the questions of law and fact common to Plaintiff and other Collective Action Members are:

   a.    whether Defendant employed the Collective Action Members within the meaning of the FLSA;

   b.    whether the collective action members were properly classified as exempt.

   c.    what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d.    whether Defendant failed to pay the Collective Action Members minimum wage;

   e.    whether the Defendant failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereafter;

   f.    whether the Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

   g.    whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

## STATEMENT OF FACTS

**I.   Wage and Hour Allegations**

24.     On or about January 20, 2016, Defendant Laidlaw hired Mr. Noel as a Stock Broker Trainee at Laidlaw's corporate headquarters in New York.

25.     Mr. Noel and other Stock Broker Trainees earned a bi-weekly salary of eight hundred fifty-two dollars ($852) or four hundred twenty-six dollars ($426) per week.

26.     Mr. Noel and other Stock Broker Trainees were scheduled to work from 6:45 a.m. to 7:30 p.m. Monday through Thursday (12.75 hours) and 6:45 a.m. to 4:30 p.m. on Fridays (9.75 hours) for a sixty point seventy-five (60.75) hour work week.

27.     However, Mr. Noel and other Stock Broker Trainees regularly worked fourteen (14) hour shifts from 6:45 a.m. to 8 or 9 p.m., resulting in workweeks in excess of sixty-five (65) hours.

28.     As a result, Mr. Noel and other Stock Broker Trainees earned an estimated hourly rate of less than Federal and New York minimum wage and, at Laidlaw's request, they regularly worked over forty (40) hours per week.

29.     Laidlaw failed to pay Stock Broker Trainees overtime for those hours worked above forty (40) per week**.**

30.     Laidlaw classified the Stock Broker Trainee position as a position exempt from overtime premium pay.

31.     However, the Stock Broker Trainee position did not meet any of the exemptions under the FLSA or NYLL.

32.     Stock Broker Trainees had little to no autonomy—their responsibilities were assigned on a daily basis from Laidlaw.

33. The majority of Stock Broker Trainee responsibilities concerned sales and customer service duties, including soliciting business for Laidlaw.

34. All training documents and workshops concerning Stock Broker Trainees revolved around product knowledge, customer service, and making sales.

35. Laidlaw directed all work of every Stock Broker Trainee position by providing them with detailed instructions and deadlines for making sales by placing phone calls and sending specific emails and through the policies and guidelines set in a Management Handbook.

36. Upper management consistently encouraged Mr. Noel to focus the majority of his time and effort on building Laidlaw's sales.

37. As such, Plaintiff is entitled to damages, including but not limited to, back pay at the overtime rate, liquidated damages, and attorneys' fees and costs.

**II.     Discrimination allegations**

38. Mr. Noel was the only Black Stock Broker Trainee at Laidlaw.

39. Mr. Noel's Manager, Jeff Glazier (white), was particularly hostile towards Mr. Noel.

40. Mr. Glazier told Mr. Noel that he would not have access to a computer because he was "too new."

41. Yet, Mr. Glazier gave another new hire, known to Mr. Noel as "Anthony" (white), computer access within twenty-four (24) hours of his hire.

42. Mr. Glazier directed Mr. Noel to sit on the floor to work, while his white co-workers were provided desks.

43. Mr. Noel asked Mr. Glazier why Laidlaw did not hire any Hispanic employees to which Mr. Glazier responded, "All Hispanics want to do is drink corona and fiesta, and that's not what we're about."

44. Mr. Noel was on the phone with a customer when Registered Representative, Erik Wickward (white), overheard Mr. Noel say, "For sure." Mr. Wickward immediately turned to Mr. Noel and said, "What the fuck is that 'for sure' shit? We're going to get that hood shit right out of you," revealing Mr. Glazier's animus towards Black people.

45. Mr. Wickward told Mr. Noel, "We usually don't hire your type of people around here because they never work out," meaning that Laidlaw deliberately does not hire Black people.

46. On or about February 26, 2016, Mr. Noel complained to Laidlaw's Managing Director, Peter Malone about Mr. Wickward's and Mr. Glazier's statements about Black people.

47. Mr. Malone ended the conversation saying, "I'll see what I can do."

48. However, nothing changed.

49. On March 3, 2016, Laidlaw terminated Mr. Noel.

50. Laidlaw told Mr. Noel he was being terminated because "the market was bad."

51. Laidlaw's proffered reason for termination is pure pretext.

52. Defendant terminated Mr. Noel immediately after he complained of race discrimination. Defendant terminated Mr. Noel due to his race and complaints of race discrimination.

## **CAUSES OF ACTION**

### **FIRST CAUSE OF ACTION**
**Failure to Pay Minimum Wage under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.**

53. Plaintiff, on behalf of himself and others similarly situated, hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 52 with the same force as though separately alleged herein.

54. At all relevant times, Plaintiff and other prospective class members were each considered an "employee" and Defendant was an "employer," as contemplated under the Fair Labor Standards Act.

55. The FLSA, 29 U.S.C. § 206 mandates that employers pay employees wages at a set minimum rate.

56. In 2016, the federal minimum wage was $7.25.

57. Plaintiff and other prospective class members' weekly rate of pay was four hundred and twenty-six dollars ($426) and they worked a minimum of sixty-five (65) hours worked each week. As such, Defendant and Plaintiff and prospective class members less than the minimum wage.

58. Defendant willfully failed to compensate Plaintiff the applicable minimum hourly wage during his tenure of employment with Defendant, in violation of 29 U.S.C. §206.

59. As a result of Defendant's unlawful acts, Plaintiff and other prospective class members have been deprived of wages in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b), or which the Court deems appropriate.

## SECOND CAUSE OF ACTION
### Failure to Pay Minimum Wage in Violation of NYLL

60. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 59 with the same force as though separately alleged herein.

61. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of NYLL §§ 290(2) and 651(5).

62. NYLL § 652(1) mandates that employers must pay each of its employees for each hour worked a wage of not less than the amount proscribed under the statute.

63. In 2016, New York State's minimum wage was nine dollars per hour ($9.00/hr).

64. Plaintiff's weekly rate of pay was four hundred and twenty-six dollars ($426) and they worked a minimum of sixty-five (65) hours each week.

65. Defendant knowingly and willfully violated Plaintiff's rights under NYLL by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

66. Due to Defendant's NYLL violations, Plaintiff is entitled to recover from Defendant his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action.

## THIRD CAUSE OF ACTION
### Defendants Violated the FLSA by Failing to Pay Stock Broker Trainees Overtime Wages

67. Plaintiff, on behalf of himself and all other similarly situated persons, realleges and incorporates by reference paragraphs 1 through 66 as if they were set forth again herein.

68. Defendant willfully failed to pay Plaintiff and each of the Collective Action Members at the applicable overtime wage, contrary to the requirements of the FLSA.

69. Stock Broker Trainees' primary duty is inside sales work, it is a non-exempt position.

70.     At all relevant times, Defendant had a policy and practice of refusing to pay overtime compensation to Stock Broker Trainees for hours worked in excess of forty (40) hours per workweek.

71.     As a result of Defendant's willful failure to compensate its Stock Broker Trainees at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated and continues to violate the FLSA.

72.     Due to Defendant's willful violation of the FLSA, Collective Action Members are entitled to recover from Defendant their unpaid overtime compensation, an equal additional amount as liquidated damages, additional liquidated damages for unreasonable delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action.

## FOURTH CAUSE OF ACTION
**Defendant Violated the NYLL by Failing to Pay Plaintiff Overtime Wages**

73.     Plaintiff realleges and incorporates by reference paragraphs 1 through 72 as if they were set forth again herein.

74.     At all relevant times, Plaintiff was employed by the Defendants within the meaning of the NYLL.

75.     Defendant willfully violated Plaintiff's rights under the NYLL by failing to pay him overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

76.     Due to the Defendant's NYLL violations, Plaintiff is entitled to recover from the Defendant his unpaid overtime compensation, liquidated damages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action.

## FIFTH CAUSE OF ACTION
### Hostile Work Environment Based on Race in Violation of Section 1981

77. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 76 with the same force as though separately alleged herein.

78. Section 1981 prohibits employers from discriminating against an employee in compensation, terms, conditions or privileges of employment on the basis of race.

79. Defendant discriminated against Plaintiff by subjecting him to offensive, racially motivated comments that were so severe and pervasive that they altered the terms, conditions, or privileges of his employment.

80. As a direct and proximate consequence of Defendant's race discrimination, Plaintiff has suffered, and continues to suffer, substantial economic damages, including, but not limited to, back pay and front pay, as well as emotional distress and suffering, all in amounts to be determined at trial.

81. Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's federally protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## SIXTH CAUSE OF ACTION
### Employment Discrimination in Violation of the Civil Rights Act of 1886, 42 U.S.C. § 1981

82. Plaintiff repeats and realleges the allegations contained in paragraphs 1 to 81 with the same force as though separately alleged herein.

83. Section 1981 prohibits employers from discriminating against an employee in compensation, terms, conditions or privileges of employment on the basis of race.

84. Defendant discriminated against Plaintiff by terminating him because of his race.

85. As a direct and proximate consequence of Defendant's discrimination, Plaintiff has suffered, and continues to suffer, substantial economic and non-economic damages, including, but not limited to, back pay, front pay, and emotional distress and suffering, all in amounts to be determined at trial.

86. Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's federally protected rights under, due to which Plaintiff is entitled to an award of punitive damages against Defendant.

## SEVENTH CAUSE OF ACTION
### Retaliation in Violation of the Civil Rights Act of 1886, 42 U.S.C. § 1981

87. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 86 with the same force as though separately alleged herein.

88. Plaintiff complained about the discriminatory conduct to Defendant's management.

89. Section 1981 prohibits employers from retaliating against any employee for making a complaint of racial discrimination.

90. Defendant retaliated against Plaintiff by terminating his employment due to his complaints of race discrimination.

91. As a direct and proximate consequence of Defendant's race discrimination, Plaintiff has suffered, and continues to suffer, substantial economic and non-economic damages, including, but not limited to, back pay, front pay, and emotional distress and suffering, all in amounts to be determined at trial.

92. Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's federally protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## EIGHTH CAUSE OF ACTION
### Hostile Work Environment in Violation of the NYCHRL

93. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 92 with the same force as though separately alleged herein.

94. The NYCHRL prohibits employers from discriminating against an employee in compensation, terms, conditions or privileges of employment on the basis of race.

95. Defendant discriminated against Plaintiff by subjecting him to offensive, racially motivated comments and treating him less well than non-African American coworkers.

96. As a direct and proximate consequence of Defendant's race discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

97. Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## NINTH CAUSE OF ACTION
### Race Discrimination in Violation of the NYCHRL

98. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 97 with the same force as though separately alleged herein.

99. The NYCHRL prohibits employers from discriminating against an employee in compensation, terms, conditions or privileges of employment on the basis of race.

100. Defendants discriminated against Plaintiff by subjecting him to offensive, racially-motivated comments, treating her less well than her non-black coworkers and ultimately terminating his employment.

101. As a direct and proximate consequence of Defendants' race discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

102. Defendants' discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendants.

## TENTH CAUSE OF ACTION
### Retaliation in Violation of the NYCHRL

103. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 102 with the same force as though separately alleged herein.

104. NYCHRL prohibits retaliation by an employer against an employee for complaining of discriminatory practices illegal within the NYCHRL.

105. Defendants retaliated against Plaintiff by terminating him due to his complaints of race discrimination.

106. As a direct and proximate consequence of Defendant's retaliation, Plaintiff has suffered, and continues to suffer, substantial economic damages.

107. Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendants.

**REQUESTS FOR RELIEF**

**WHEREFORE**, the individually named Plaintiff, and concerning the first and fifth causes of action, on behalf of himself and all other similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

    A.    On Plaintiff's first claim, designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing the individually named Plaintiff and his counsel to represent the Collective Action Members; an award of unpaid minimum wage compensation due under the FLSA; and an award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wage compensation pursuant to 29 U.S.C. § 216;

    B.    on Plaintiff's second claim, an award of unpaid overtime compensation due under the NYLL, and an award of liquidated damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to NYLL;

    C.    on Plaintiff's third claim, designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing the individually named Plaintiff and his counsel

    to represent the Collective Action Members; an award of unpaid overtime wage compensation due under the FLSA; and an award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

D.  on Plaintiff's fourth claim, an award of unpaid overtime compensation due under the FLSA, and an award of liquidated damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to FLSA;

E.  on Plaintiff's fifth claim, damages to be determined at trial;

F.  on Plaintiff's sixth claim, damages to be determined at trial;

G.  on Plaintiff's seventh claim, damages to be determined at trial;

H.  on Plaintiff's eighth claim, damages to be determined at trial;

I.  on Plaintiff's ninth claim, damages to be determined at trial;

J.  on Plaintiff's tenth claim, damages to be determined at trial;

K.  an award of prejudgment and post judgment interest;

L.  an award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

M.  such other and further relief as this Court deems just and proper.

Dated: New York, New York
   May 26, 2016

             By: _____
                Walker G. Harman, Jr. [WH-8044]
                Edgar M. Rivera [ER-1378]
                THE HARMAN FIRM, LLP.
                *Attorneys for Plaintiffs*
                220 Fifth Ave., Suite 900
                New York, New York 10001
                (212) 425-2600
                wharman@theharmanfirm.com
                erivera@theharmanfirm.com