UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALTER NOEL IV, On Behalf of Himself and Similarly Situated Individuals,<br><br>Plaintiffs,<br><br>-against-<br><br>LAIDLAW & COMPANY, LTD.<br><br>Defendant. | Civ. No.: 16-CV-03975 (RMB) (DCF)<br><br>**DEFENDANT'S ANSWER WITH DEFENSES TO THE COLLECTIVE ACTION COMPLAINT** |

Defendant Laidlaw & Company (UK), Ltd. (incorrectly named as "Laidlaw & Company, Ltd." and hereinafter referred to as "Laidlaw" or "Defendant") by and through its undersigned counsel, hereby responds to the allegations in the Collective Action Complaint ("Complaint") filed by Plaintiff Walter Noel, IV ("Plaintiff"), on behalf of himself and similarly situated individuals (collectively "Plaintiffs") and states as follows:

### AS AND FOR AN ANSWER TO "NATURE OF ACTION"

1. Defendant admits that Plaintiff purports to bring claims on behalf of himself and other similarly situated individuals for unpaid wages, unpaid overtime, liquidated damages and attorneys' fees pursuant to 29 U.S.C. §§ 201-219 but, except as so admitted, denies the remaining allegations set forth in Paragraph 1 of Plaintiffs' Complaint, and specifically denies that Plaintiffs are entitled to any such relief.

2. Defendant admits that Plaintiff purports to bring claims on behalf of himself and other similarly situated individuals for unpaid wages, unpaid overtime, liquidated damages and attorneys' fees pursuant to N.Y. Lab. Law §§1-1200 but, except as so admitted,

denies the remaining allegations set forth in Paragraph 2 of Plaintiffs' Complaint, and specifically denies that Plaintiffs are entitled to any such relief.

3. Defendant admits that Plaintiff purports to bring claims pursuant to 42 U.S.C. § 1981 and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101-131 but, except as so admitted, denies the remaining allegations set forth in Paragraph 3 of Plaintiffs' Complaint and specifically denies that Plaintiffs are entitled to any such relief.

## AS AND FOR AN ANSWER TO "JURISDICTION AND VENUE"

4. The allegations set forth in Paragraph 4 of Plaintiffs' Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant admits that this Court has subject matter jurisdiction, generally, pursuant to the statutes cited in Paragraph 4 of Plaintiffs' Complaint, but denies that jurisdiction should be exercised in this case, and further denies all remaining allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5. The allegations set forth in Paragraph 5 of Plaintiffs' Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 5 of Plaintiffs' Complaint.

6. The allegations set forth in Paragraph 6 of Plaintiffs' Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies that this Court should exercise jurisdiction in this case, but admits that to the extent jurisdiction is proper, venue is appropriate in the Southern District of New York, and denies all remaining allegations set forth in Paragraph 6 of Plaintiffs' Complaint.

## AS AND FOR AN ANSWER TO "TRIAL BY JURY"

7. Defendant admits that Plaintiffs seek a jury trial but, except as so admitted, Defendant denies that Plaintiffs are entitled to a trial by jury.

## AS AND FOR AN ANSWER TO "THE PARTIES"

8. Defendant admits that Plaintiff is an adult individual and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's residency but, except as so admitted and denied, denies the remaining allegations set forth in Paragraph 8 of Plaintiffs' Complaint.

9. Defendant admits that it maintains an office located at 546 Fifth Avenue, 5th Floor, New York, New York 10036 but, except as so admitted, denies the remaining allegations set forth in Paragraph 9 of Plaintiffs' Complaint.

## AS AND FOR AN ANSWER TO "COVERAGE UNDER FLSA"

10. The allegations set forth in Paragraph 10 of Plaintiffs' Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 10 of Plaintiffs' Complaint.

11. The allegations set forth in Paragraph 11 of Plaintiffs' Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 11 of Plaintiffs' Complaint.

12. The allegations set forth in Paragraph 12 of Plaintiffs' Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 12 of Plaintiffs' Complaint.

13. The allegations set forth in Paragraph 13 of Plaintiffs' Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 13 of Plaintiffs' Complaint.

14. Defendant admits that its current annual gross revenue is in excess of $500,000 but, except as so admitted, denies the remaining allegations set forth in Paragraph 14 of Plaintiffs' Complaint.

15. The allegations set forth in Paragraph 15 of Plaintiffs' Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 15 of Plaintiffs' Complaint.

### AS AND FOR AN ANSWER TO "COLLECTIVE ACTION ALLEGATIONS"

16. Defendant admits that Plaintiff Noel was employed as a "Stock Broker Trainee" but, except as so admitted, denies the remaining allegations set forth in Paragraph 16 of Plaintiffs' Complaint.

17. Defendant denies the allegations set forth in Paragraph 17 of Plaintiffs' Complaint.

18. Defendant denies the allegations set forth in Paragraph 18 of Plaintiffs' Complaint.

19. Defendant admits that Plaintiff purports to assert claims pursuant to 29 U.S.C. § 207 as a collective action but, except as so admitted, denies the remaining allegations set forth in Paragraph 19 of Plaintiffs' Complaint.

20. Defendant denies the allegations set forth in Paragraph 20 of Plaintiffs' Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of Plaintiffs' Complaint.

22. Defendant denies the allegations set forth in Paragraph 22 of Plaintiffs' Complaint.

23. Defendant denies the allegations set forth in Paragraph 23 of Plaintiffs' Complaint, including specifically Subparagraphs "a." through "g."

## AS AND FOR AN ANSWER TO "STATEMENT OF FACTS"

I. As to "Wage and Hour Allegations"

24. Defendant admits that Defendant hired Plaintiff Noel in or about January 2016 but, except as so admitted, denies the remaining allegations set forth in Paragraph 24 of Plaintiffs' Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of Plaintiffs' Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of Plaintiffs' Complaint.

27. Defendant denies the allegations set forth in Paragraph 27 of Plaintiffs' Complaint.

28. Defendant denies the allegations set forth in Paragraph 28 of Plaintiffs' Complaint.

29. Defendant denies the allegations set forth in Paragraph 29 of Plaintiffs' Complaint.

30. Defendant admits that Stock Broker Trainees are classified as exempt but, except as so admitted, denies the remaining allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of Plaintiffs' Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of Plaintiffs' Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of Plaintiffs' Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of Plaintiffs' Complaint and refers the Court to the purported training documents and workshops referenced in Paragraph 34 for the contents therein.

35. Defendant denies the allegations set forth in Paragraph 35 of Plaintiffs' Complaint and refers the Court to the Management Handbook referenced in Paragraph 35 for the contents therein.

36. Defendant denies the allegations set forth in Paragraph 36 of Plaintiffs' Complaint.

37. Defendant denies the allegations set forth in Paragraph 37 of Plaintiffs' Complaint and specifically denies that Plaintiffs are entitled to any such relief.

**II.  As to "Discrimination Allegations"**

38. Defendant denies the allegations set forth in Paragraph 38 of Plaintiffs' Complaint.

39. Defendant denies the allegations set forth in Paragraph 39 of Plaintiffs' Complaint.

40. Defendant denies the allegations set forth in Paragraph 40 of Plaintiffs' Complaint.

41. Defendant denies the allegations set forth in Paragraph 41 of Plaintiffs' Complaint.

42. Defendant denies the allegations set forth in Paragraph 42 of Plaintiffs' Complaint.

43. Defendant denies the allegations set forth in Paragraph 43 of Plaintiffs' Complaint.

44. Defendant denies the allegations set forth in Paragraph 44 of Plaintiffs' Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of Plaintiffs' Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of Plaintiffs' Complaint.

47. Defendant denies the allegations set forth in Paragraph 47 of Plaintiffs' Complaint.

48. Defendant denies the allegations set forth in Paragraph 48 of Plaintiffs' Complaint.

49. Defendant admits the allegations set forth in Paragraph 49 of Plaintiffs' Complaint.

50. Defendant denies the allegations set forth in Paragraph 50 of Plaintiffs' Complaint.

51. Defendant denies the allegations set forth in Paragraph 51 of Plaintiffs' Complaint.

52. Defendant denies the allegations set forth in Paragraph 52 of Plaintiffs' Complaint.

## AS AND FOR AN ANSWER TO "CAUSES OF ACTION
## FIRST CAUSE OF ACTION

### Failure to Pay Minimum Wage under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*"

53. Defendant repeats and realleges each response to the allegations contained in Paragraphs 1 through Paragraphs 52 of Plaintiffs' Complaint as if fully set forth herein.

54. The allegations set forth in Paragraph 54 of Plaintiffs' Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 54 of Plaintiffs' Complaint.

55. The allegations set forth in Paragraph 55 of Plaintiffs' Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant refers the Court to 29 U.S.C. § 206 for the contents therein, and denies the allegations set forth in Paragraph 55 of Plaintiffs' Complaint.

56. The allegations set forth in Paragraph 56 of Plaintiffs' Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant admits the allegations set forth in Paragraph 56 of Plaintiffs' Complaint.

57. Defendant denies the allegations set forth in Paragraph 57 of Plaintiffs' Complaint.

58. Defendant denies the allegations set forth in Paragraph 58 of Plaintiffs' Complaint.

59. Defendant denies the allegations set forth in Paragraph 59 of Plaintiffs' Complaint.

## AS AND FOR AN ANSWER TO "SECOND CAUSE OF ACTION
### Failure to Pay Minimum Wage in Violation of NYLL"

60. Defendant repeats and realleges each response to the allegations contained in Paragraphs 1 through Paragraphs 59 of Plaintiffs' Complaint as if fully set forth herein.

61. The allegations set forth in Paragraph 61 of Plaintiffs' Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 61 of Plaintiffs' Complaint.

62. The allegations set forth in Paragraph 62 of Plaintiffs' Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant refers the Court to NYLL 652(1) for the contents therein, and denies the allegations set forth in Paragraph 62 of Plaintiffs' Complaint.

63. The allegations set forth in Paragraph 63 of Plaintiffs' Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant admits the allegations set forth in Paragraph 63 of Plaintiffs' Complaint.

64. Defendant denies the allegations set forth in Paragraph 64 of Plaintiffs' Complaint.

65. Defendant denies the allegations set forth in Paragraph 65 of Plaintiffs' Complaint.

66. Defendant denies the allegations set forth in Paragraph 66 of Plaintiffs' Complaint.

## AS AND FOR AN ANSWER TO "THIRD CAUSE OF ACTION
### Defendants Violated the FLSA by Failing to Pay Stock Broker Trainees Overtime Wages"

67. Defendant repeats and realleges each response to the allegations contained in Paragraphs 1 through Paragraphs 66 of Plaintiffs' Complaint as if fully set forth herein.

68. Defendant denies the allegations set forth in Paragraph 68 of Plaintiffs' Complaint.

69. The allegations set forth in Paragraph 69 state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 69 of Plaintiffs' Complaint.

70. Defendant denies the allegations set forth in Paragraph 70 of Plaintiffs' Complaint.

71. Defendant denies the allegations set forth in Paragraph 71 of Plaintiffs' Complaint.

72. Defendant denies the allegations set forth in Paragraph 72 of Plaintiffs' Complaint.

## AS AND FOR AN ANSWER TO "FOURTH CAUSE OF ACTION
### Defendant Violated the NYLL by Failing to Pay Plaintiff Overtime Wages"

73. Defendant repeats and realleges each response to the allegations contained in Paragraphs 1 through Paragraphs 72 of Plaintiffs' Complaint as if fully set forth herein.

74. The allegations set forth in Paragraph 74 of Plaintiffs' Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 74 of Plaintiffs' Complaint.

75. Defendant denies the allegations set forth in Paragraph 75 of Plaintiffs' Complaint.

76. Defendant denies the allegations set forth in Paragraph 76 of Plaintiffs' Complaint.

### AS AND FOR AN ANSWER TO "FIFTH CAUSE OF ACTION
### Hostile Work Environment Based on Race in Violation of Section 1981"

77. Defendant repeats and realleges each response to the allegations contained in Paragraphs 1 through Paragraphs 76 of Plaintiffs' Complaint as if fully set forth herein.

78. The allegations set forth in Paragraph 78 of Plaintiffs' Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant refers the Court to 42 U.S.C. § 1981 for the contents therein, and denies the allegations set forth in Paragraph 78 of Plaintiffs' Complaint.

79. Defendant denies the allegations set forth in Paragraph 79 of Plaintiffs' Complaint.

80. Defendant denies the allegations set forth in Paragraph 80 of Plaintiffs' Complaint.

81. Defendant denies the allegations set forth in Paragraph 81 of Plaintiffs' Complaint.

### AS AND FOR AN ANSWER TO "SIXTH CAUSE OF ACTION
### Employment Discrimination in Violation of the Civil Rights Act of 1886, 42 U.S.C. § 1981"

82. Defendant repeats and realleges each response to the allegations contained in Paragraphs 1 through Paragraphs 81 of Plaintiffs' Complaint as if fully set forth herein.

83. The allegations set forth in Paragraph 83 of Plaintiffs' Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant refers the Court to 42 U.S.C. § 1981 for the contents therein, and denies the allegations set forth in Paragraph 83 of Plaintiffs' Complaint.

84. Defendant denies the allegations set forth in Paragraph 84 of Plaintiffs' Complaint.

85. Defendant denies the allegations set forth in Paragraph 85 of Plaintiffs' Complaint.

86. Defendant denies the allegations set forth in Paragraph 86 of Plaintiffs' Complaint.

### AS AND FOR AN ANSWER TO "SEVENTH CAUSE OF ACTION
### Retaliation in Violation of the Civil Rights Act of 1886, 42 U.S.C. § 1981"

87. Defendant repeats and realleges each response to the allegations contained in Paragraphs 1 through Paragraphs 86 of Plaintiffs' Complaint as if fully set forth herein.

88. Defendant denies the allegations set forth in Paragraph 88 of Plaintiffs' Complaint.

89. The allegations set forth in Paragraph 89 of Plaintiffs' Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant refers the Court to 42 U.S.C. § 1981 for the contents therein, and denies the allegations set forth in Paragraph 89 of Plaintiffs' Complaint.

90. Defendant denies the allegations set forth in Paragraph 90 of Plaintiffs' Complaint.

91. Defendant denies the allegations set forth in Paragraph 91 of Plaintiffs' Complaint.

92. Defendant denies the allegations set forth in Paragraph 92 of Plaintiffs' Complaint.

### AS AND FOR AN ANSWER TO "EIGHTH CAUSE OF ACTION
### Hostile Work Environment in Violation of the NYCHRL"

93. Defendant repeats and realleges each response to the allegations contained in Paragraphs 1 through Paragraphs 92 of Plaintiffs' Complaint as if fully set forth herein.

94. The allegations set forth in Paragraph 94 of Plaintiffs' Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant refers the Court to the NYCHRL for the contents therein, and denies the allegations set forth in Paragraph 94 of Plaintiffs' Complaint.

95. Defendant denies the allegations set forth in Paragraph 95 of Plaintiffs' Complaint.

96. Defendant denies the allegations set forth in Paragraph 96 of Plaintiffs' Complaint.

97. Defendant denies the allegations set forth in Paragraph 97 of Plaintiffs' Complaint.

### AS AND FOR AN ANSWER TO "NINTH CAUSE OF ACTION
### Race Discrimination in Violation of the NYCHRL"

98. Defendant repeats and realleges each response to the allegations contained in Paragraphs 1 through Paragraphs 97 of Plaintiffs' Complaint as if fully set forth herein.

99. The allegations set forth in Paragraph 99 of Plaintiffs' Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant refers the Court to the NYCHRL for the contents therein, and denies the allegations set forth in Paragraph 99 of Plaintiffs' Complaint.

100. Defendant denies the allegations set forth in Paragraph 100 of Plaintiffs' Complaint.

101. Defendant denies the allegations set forth in Paragraph 101 of Plaintiffs' Complaint.

102. Defendant denies the allegations set forth in Paragraph 102 of Plaintiffs' Complaint.

## AS AND FOR AN ANSWER TO "TENTH CAUSE OF ACTION
### Retaliation in Violation of the NYCHRL"

103. Defendant repeats and realleges each response to the allegations contained in Paragraphs 1 through Paragraphs 102 of Plaintiffs' Complaint as if fully set forth herein.

104. The allegations set forth in Paragraph 104 of Plaintiffs' Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant refers the Court to the NYCHRL for the contents therein, and denies the allegations set forth in Paragraph 104 of Plaintiffs' Complaint.

105. Defendant denies the allegations set forth in Paragraph 105 of Plaintiffs' Complaint.

106. Defendant denies the allegations set forth in Paragraph 106 of Plaintiffs' Complaint.

107. Defendant denies the allegations set forth in Paragraph 107 of Plaintiffs' Complaint.

## AS AND FOR AN ANSWER TO "REQUESTS FOR RELIEF"

Defendant denies all allegations set forth in Plaintiffs' "Requests for Relief" and any claim for relief set forth in the "WHEREFORE" clause to Plaintiffs' Complaint, including specifically Subparagraphs "A." through "M.", and specifically denies that Plaintiffs are entitled to any of the relief they seek.

## GENERAL DENIAL

Defendant denies all claims and allegations not unequivocally admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendant, Defendant asserts the following defenses:

## FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted. This defense may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations. This defense may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## THIRD DEFENSE

Plaintiffs' claims cannot and should not be maintained on a class and/or collective action basis because those claims fail to meet the necessary requirements for certification as a class or collective action, including, *inter alia,* numerosity, commonality, typicality, predominance, superiority, adequacy of the class representatives, adequacy of class counsel, and similarity.

## FOURTH DEFENSE

Plaintiffs are not covered by the statutes, regulations and legal theories sought to be invoked by the Complaint. For this and other reasons, including but not limited to any bankruptcy filings, Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing. This defense may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that the work performed falls within exemptions, exclusions, exceptions, or credits provided for in Sections 7

or 13 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and 29 U.S.C. § 213, or any other exemption set forth in the FLSA or the New York Labor Law ("NYLL"). This defense may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiff is not an adequate representative because his interests are different than the putative collective. This defense may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### SEVENTH DEFENSE

To the extent Plaintiff or any other similarly-situated person lacks a claim under the FLSA, there is no subject matter jurisdiction over a non-federal claim by such person in this Court.

### EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs knowingly submitted to and acquiesced in the actions alleged in the Complaint. This defense may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction, and payment. This defense may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because such claims have been waived, discharged and/or abandoned. This defense may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by equitable principles, including but not limited to, unclean hands, estoppel, latches, and/or setoff. This defense may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## TWELFTH DEFENSE

Payments to Plaintiffs were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor. This defense may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## THIRTEENTH DEFENSE

This case is not appropriate for certification because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiff and to the putative class and/or collective action members.

## FOURTEENTH DEFENSE

Plaintiff cannot establish or maintain a collective action because it cannot be demonstrated that the putative class and/or collective action members are similarly situated, or that a class and/or collective action is superior to other methods available for adjudicating any controversy.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the NYLL. This defense may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## SIXTEENTH DEFENSE

At all relevant times, Defendant acted reasonably and in good faith and did not violate, interfere with, refuse or deny any rights which may be secured to Plaintiffs under any federal, state, city or local laws, rules, regulations, codes guidelines or common law and did not retaliate against Plaintiffs. This defense may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## SEVENTEENTH DEFENSE

While Defendant denies that Plaintiff's claims have any merit, to the extent Plaintiff suffered any adverse action, Plaintiff's claims fail, in whole or in part, because the conduct of which Plaintiff complains amounts to nothing more than petty slights and trivial inconveniences.

## EIGHTEENTH DEFENSE

Any and all actions taken by Defendant with regard to Plaintiff were based upon legitimate, non-discriminatory and non-retaliatory business reasons and would have been taken regardless of Plaintiff's race or alleged protected activity.

## NINETEENTH DEFENSE

To the extent Plaintiff is claiming punitive damages, Plaintiff is not entitled to recover any punitive damages against Defendant because, *inter alia*, Defendant acted in good

faith and did not commit, ratify, authorize or acquiesce in any malicious, willful, or reckless acts or omissions.

## TWENTIETH DEFENSE

Plaintiff's remedies are barred, in whole or in part, to the extent that he failed to mitigate his alleged damages.

## TWENTY-FIRST DEFENSE

Defendant is not liable for any allegedly intentional torts, retaliatory conduct or other conduct by non-supervisors and Defendant did not aid, abet, ratify, condone, encourage or acquiesce in any alleged intentional discriminatory or retaliatory conduct as alleged by Plaintiff.

## TWENTY-SECOND DEFENSE

Plaintiff's claims fail, in whole or in part, because his hostile work environment and retaliation claims are not cognizable under 42 U.S.C. § 1981.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and to promptly correct any alleged discriminatory or retaliatory conduct and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid his alleged harm.

## RESERVATION OF RIGHTS

In addition to the foregoing defenses, Defendant reserves the right to assert such additional defenses as may appear and prove applicable during the course of this action.

**WHEREFORE**, having fully answered Plaintiffs' allegations, Defendant respectfully requests that the Court:

(a) Dismiss Plaintiffs' Complaint in its entirety, with prejudice;

(b) Deny each and every demand and prayer for relief contained in the Complaint;

(c) Award Defendant reasonable attorney's fees and costs, incurred in defending against this action; and

(d) Grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 22, 2016

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017

By: /s/ Wendy Mellk
Wendy J. Mellk
Tania J. Mistretta

*Attorneys for Defendant*
*Laidlaw & Company (UK), Ltd.*